FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

CLERK'S OFFICE
AT BALTIMORE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

2017 AUG -1  PM 3: 37

UNITED STATES OF AMERICA

v.

LANGSTON JACKSON

\*
\*
\*
\*
\*
\*
\*\*\*\*\*\*

Criminal No. CCB-13-0564

Civil No. CCB-15-945

## MEMORANDUM

Federal prison inmate Langston Jackson, who was sentenced on July 29, 2014 to incarceration for a period of 151 months pursuant to a guilty plea under Fed. R. Crim. P. 11(c)(1)(C), filed a motion under 28 U.S.C. § 2255 on April 1, 2015 alleging ineffective assistance of counsel. Jackson, who pled guilty to possession with intent to distribute cocaine, contended that counsel was ineffective for failing to challenge his career offender designation, which was based on prior convictions under Maryland state law for first-degree murder in 2007 and distribution of heroin in 2013. In 2016 the federal public defender filed a supplemental *Johnson*[1] petition for Jackson, but that was withdrawn after *Beckles*.[2] Shortly thereafter Jackson filed a motion to supplement his 2015 petition by adding a claim under *Mathis v. United States*, 136 S.Ct. 2243 (2016). The government has responded to the 2015 motion to vacate and the 2017 motion to supplement. For the reasons explained below, the motion to supplement will be granted,[3] but the motion to vacate will be denied.

Jackson's motion and supplement both rest on the argument that his 2013 conviction for distribution of heroin under Md. Crim. Law § 5-602 does not qualify as a predicate offense under the career offender guideline, U.S.S.G. § 4B1.1(b). He is not correct, even after *Mathis*. As

---

[1] *Johnson v. United States*, 135 S.Ct. 2551 (2015).
[2] *Beckles v. United States*, 137 S.Ct. 886 (2017).
[3] The court will assume that the *Mathis* claim in the 2017 motion relates back to the 2015 petition.

demonstrated by the PSR in this case (¶¶ 28-29) and the certified docket entries provided by the government, Gov't Resp. Ex. 4, Jackson was convicted of distribution of heroin and conspiracy to distribute heroin. The maximum penalty is 20 years incarceration. Md. Crim. Law § 5-608. Jackson received concurrent 15 year sentences, although most of the sentence was suspended. A conviction under this statute meets the guidelines definition of "controlled substance offense," see U.S.S.G. § 4B1.2(b). Counsel was not ineffective for failing to challenge Jackson's career offender status.

Further, to the extent Jackson raises a direct challenge to his guideline calculations, a challenge to his designation as a career offender is not cognizable under 28 U.S.C. § 2255 in these circumstances. *See United States v. Foote*, 784 F.3d 931, 940 (4th Cir. 2015).

Accordingly, no certificate of appealability will issue, and the petition will be denied by separate Order which follows.

| __August 1, 2017__ | _____ |
| Date | Catherine C. Blake |
| | United States District Judge |